AO245b (USDC-CT Rev. 9/07)

Page 1

UNITED STATES DISTRICT COURT
District of Connecticut

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | CASE NO. *3:15CR25  (JCH)*  <br>USM  NO: *22837-014* |
| Pablo Calderon | *Michael McGarry/John Durham/John Pierpont*  <br>Assistant United States Attorneys |
|  | *Douglas Tween/Kate Machan*  <br>Defendant's Attorneys |

**THE DEFENDANT:** Found guilty on Counts 1 and 6 of the Indictment.

Accordingly the defendant is adjudicated guilty of the following offenses:

| Title & Section | Nature of Offense | Offense Concluded | Counts |
|---|---|---|---|
| Title 18, United States Code, Section 1349 | Conspiracy to Commit Wire Fraud and Bank Fraud | January 2012 | 1 |
| Title 18, United States Code, Section 1343 | Wire Fraud | January 2012 | 6 |

The following sentence is imposed pursuant to the Sentencing Reform Act of 1984.  The sentence imposed is a variance sentence. The court views the Loss Tables as overwhelming the Guidelines calculation, resulting in a range principally determined by the loss amount.  The sentence reflects the nature and circumstances of the offense including the seriousness of the offense and the defendant's lesser role and profit, balanced against the defendant's history and characteristics including his exceptional family circumstances. The sentence is sufficient, but not longer than necessary to accomplish the purposes of sentencing.

**IMPRISONMENT**

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total of 5 months on Count 1 and 5 months on Count 6, to be served concurrently, for a total term of imprisonment of 5 months.

**SUPERVISED RELEASE**

Upon release from imprisonment, the defendant shall be on supervised release for a total term of 3 years on Count 1 and 3 years on Count 6, for a total term of supervised release of 3 years.  The Mandatory and Standard Conditions of Supervised Release as attached, are imposed. In addition, the following Special Conditions are imposed:

   1.   The defendant shall not incur new credit card charges above $500 or open additional lines of credit without the prior permission of the Probation Office until the defendant's criminal debt obligation is paid.  The defendant shall not add any new names to any lines of credit, shall not be added as a secondary card holder on another's line of credit, and shall provide the Probation Office with electronic, read-only access to any online management of any lines of credit, including lines of credit for businesses/LLC's that are owned, operated or otherwise associated with the defendant.

   2.   The defendant shall provide the Probation Office access to any requested financial information and authorize the release of any financial information.  The Probation Office may share financial information with the U.S. Attorney's Office.

   3.   The defendant shall pay restitution jointly and severally with co-defendant Brett C. Lillemoe, in an amount to be determined,  payable immediately.  Any amount that remains unpaid at the commencement of the term of supervised release shall be paid at a rate of no less than $1,000 per month or 10% of the defendant's gross income per month, whichever is greater. The monthly payment schedule may be adjusted based on the defendant's ability to pay as determined by the Probation Office and approved by the court.

   4.   The defendant shall perform a total of 300 hours of community service at the rate of at least 100 hours every 9 months following the period of home confinement for a total of 300 hours.  Any community service shall be approved in advance and is subject to confirmation by the Probation Office.

5.  The defendant shall be on home confinement for the first 5 months of supervised release. The defendant shall be home at all times except for employment, religious obligations and scheduled medical appointments, with prior approval of the Probation Office, except in the case of an emergency.

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments (as follows) or (as noted on the restitution order).

**Special Assessment:** $200   $100 on each of Counts 1 and 6, for a total of $200 to be paid immediately.

**Restitution:**   The defendant shall pay restitution jointly and severally with co-defendant Brett C. Lillemoe, in an amount to be determined, payable immediately. Any amount that remains unpaid at the commencement of the term of supervised release shall be paid at a rate of no less than $1,000 per month or 10% of the defendant's gross income per month, whichever is greater. The monthly payment schedule may be adjusted based on the defendant's ability to pay as determined by the Probation Office and approved by the court.

**Forfeiture:**   The defendant shall forfeit the sum of $63,509.97 pursuant to the Order of Money Judgment Forfeiture (Doc. No. 478).

It is further ordered that the defendant will notify the United States Attorney for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs and special assessments imposed by this judgment, are paid.

## JUDICIAL RECOMMENDATION(S) TO THE BUREAU OF PRISONS

The defendant shall self surrender no sooner than January 10, 2018 and no later than January 22, 2018. In the event the defendant does not receive designation by the Bureau of Prisons by January 22, 2018, the defendant must self surrender to the United States Marshal, at New Haven, Connecticut, by noon on January 22, 2018.

The court recommends the defendant be designated to the Otisville facility.

6/13/2017
Date of Imposition of Sentence

/s/Janet C. Hall

Janet C. Hall
United States District Judge
Date: 6/14/2017

# CONDITIONS OF SUPERVISED RELEASE

**In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:**

## MANDATORY CONDITIONS

(1) You must not commit another federal, state or local crime.

(2) You must not unlawfully possess a controlled substance.

(3) You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

■ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

(4) ■ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

(5) ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

(6) ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

## STANDARD CONDITIONS

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4. You must answer truthfully the questions asked by your probation officer.

5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. You must follow the instructions of the probation officer related to the conditions of supervision

Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment</u>, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     _____
       Defendant                                                                                    Date

_____     _____
U.S. Probation Officer Designated Witness                               Date

**CERTIFIED AS A TRUE COPY ON THIS DATE:** _____

By: _____
     Deputy Clerk

**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____ a _____, with a certified copy of this judgment.

                                                                      _____
                                                                        Brian Taylor
                                                                    Acting United States Marshal

By   _____
                                                               Deputy Marshal